## 46904. PETERMAN v. McMANUS.

JORDAN, Presiding Judge. This is a wrongful death action, here on the denial of defendant's motion for summary judgment. William R. McManus died on March 8, 1971, as the result of injuries received the previous day when a tractor which he was attempting to load on a trailer overturned. The defendant had borrowed the tractor from his employer. In our opinion from a study of the evidence submitted to the trial judge for consideration on summary judgment there are genuine issues of fact for jury determination to resolve the nature of the relationship between the decedent and the defendant while he was operating the tractor, and to determine who, if anyone, was negligent in causing the incident. For example,

while there is evidence to the effect that the decedent was merely a volunteer who attempted to load the tractor on the trailer against the wishes of the defendant, the plaintiff, who is the mother of the 19-year old decedent, testified that at the hospital shortly after the incident, under circumstances which might render a statement of her son admissible under *Code* § 38-305 (see Green, Georgia Law of Evidence, p. 585 et seq., § 289 et seq.), he said: "Mama, I didn't want to do it, but Paul [the defendant Peterman] told me to do it," (put the tractor on the trailer). If a jury should determine this to be true, quite obviously McManus while operating the tractor was Peterman's servant, not merely a licensee on the premises acting voluntarily. Furthermore, what is or is not negligence as the proximate cause of an injury is ordinarily for resolution by a jury, and not as a matter of law, except in clear and palpable cases.

*Judgment affirmed. Deen and Clark, JJ., concur.*
ARGUED FEBRUARY 7, 1972—DECIDED MARCH 15, 1972—
REHEARING DENIED MARCH 30, 1972.

*Burt, Burt & Rentz, H. P. Burt,* for appellant.
*Malone, Drake & Malone, Thomas Wm. Malone, Robert L. Kraselsky,* for appellee.